IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AGNETA MOLNAR-SZILASI,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Civil No. RWT   06-34** |
| | * | |
| | * | |
| **SEARS ROEBUCK AND CO.** | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

## MEMORANDUM OPINION

On August 9, 2005, Plaintiff Agneta Molnar-Szilasi ("Molnar-Szilasi") filed an action in the Circuit Court for Montgomery County, Maryland, alleging that she was injured by a defective Sears Craftsman riding lawnmower. Defendant Sears Roebuck and Co. ("Sears") was served on December 7, 2005, and on January 7, 2006, removed the suit to this Court based on diversity of citizenship, 28 U.S.C. § 1332. Molnar-Szilasi subsequently filed a Motion to Remand, alleging that the Notice of Removal was improper because it failed to properly and fully allege diversity of citizenship. Specifically, Molnar-Szilasi asserts that the Notice of Removal indicates her state of residence, not citizenship, and fails to explicitly state that the parties were diverse at the time the original case was filed and at the time of filing of the Notice of Removal. Sears has filed an opposition to Molnar-Szilasi's Motion to Remand, as well as a Motion to Amend Notice of Removal to correct any alleged technical defects in the original notice. The Court now rules, no hearing being deemed necessary. L.R. 105.6

Because the removal of a case from state to federal court raises significant federalism concerns, courts strictly construe removal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994)(concern for federalism underlies principle that removal statutes

are to be strictly construed).  Furthermore, because federal courts are courts of limited jurisdiction, "federal courts have reasoned that they should be strictly limited to those cases in which original jurisdiction has been conferred upon them and should not be allowed to denigrate the requirements of the removal statutes to enhance their jurisdiction."  Bellone v. Roxbury Homes, Inc., 748 F. Supp. 434 (W.D. Va. 1990).  See also Mason v. International Business Machines, Inc., 543 F. Supp. 444, 446 (M.D.N.C. 1982); Thompson v. Gillen, 491 F. Supp. 24, 26 (E.D. Va. 1980).  Courts therefore strictly construe the removal statutes, and "if federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F. 3d at 151; Marshall v. Manville Sales Corp., 6 F. 3d 229, 232 (4th Cir. 1993)(courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

    Despite the strict construction of removal statutes, it is not always necessary for a federal court faced with a technically defective removal petition to remand the case to state court.  In certain cases, courts allow amendment of removal petitions where the imperfection in the jurisdictional allegation is a "mere technical defect."  See, e.g., Muhlenbeck v. KI, LLC, 304 F. Supp. 2d 797, 800 (E.D. Va. 2004)("Courts...have permitted a defendant to amend where the defendant alleged the residence rather than the domicile of the parties . . . and where the defendant incorrectly stated its principal place of business."(citations omitted)); Southern Pacific Co. v. Stewart, 245 U.S. 359 (1917), rev'd on other grounds(noting that "amendments have been permitted so as to make allegations of the removal petition more accurate and more certain when the amendment is intended to set forth in proper form the ground of removal already imperfectly stated."); Ginn v. Stegall, 132 F.R.D. 166, 167 (E.D.Va. 1990); Bellone, 748 F. Supp. at 436 (noting that amendment of removal petitions allowed for minor technical corrections).  "On the other hand, leave to amend has not been

2

granted where the court finds that a jurisdictional allegation is 'missing entirely' from the removal petition, or that the change proposed by the motion to amend the petition for removal would be 'material and substantial.'" Muhlenbeck, 304 F. Supp. 2d at 800; Iceland Seafood Corp. v. Nat. Consumer Cooperative Bank, 285 F. Supp. 2d 719, 726-27(refusing to grant defendant leave to amend to change the jurisdictional basis for removal); Tichner v. Ins. Co., 268 F. Supp. 2d 666, 667 (E.D. Va. 2003)(denying leave to amend in order to include allegation of fraudulent joinder because such allegation was "missing entirely" from removal petition).

This is a case where amendment should be permitted. The jurisdictional allegation of "complete diversity of citizenship" was present in paragraph five of Sears' initial Notice of Removal, as well as in Part III of the civil cover sheet filed with this Court. Although paragraph two of the Notice of Removal states only that the Plaintiff "resides in Montgomery County, Maryland," no serious question has been raised regarding the citizenship of the parties in this case. Substantial authority supports this Court's conclusion that any defect in Sears' Notice of Removal is a "technical defect," and that Sears should be allowed to amend its notice.[1] See, e.g., Board of Education of Charles County, Maryland v. Travelers Indemnity Co., 486 F. Supp. 129 (D. Md. 1980)(allowing amendment when the removal petition did not properly allege the jurisdictional facts in detail, where citizenship of the parties was obvious on the face of the pleadings); Kinney v. Columbia Savings & Loan Association, 191 U.S. 78 (1903)(granting leave to amend petition to show citizenship of plaintiff); Camacho v. Cove Trader, Inc., 612 F. Supp. 1190 (E.D. Pa.

---

[1] Plaintiff cites to Debra Dvorak et al. v. Mobay Corporation, et al., BM-89-1214 (D. Md. Apr. 27, 1993) in support of her position that amendment should not be permitted in this case. The Court declines to follow Dvorak, choosing instead to follow the cases cited above which allow amendment of technical defects such as those present in this case. Additionally, the Court notes that the Dvorak court seemed particularly inclined to remand the case and not permit amendment of the removal petition court because the trial was scheduled to "commence within a few days," and because it was questionable whether diversity jurisdiction even existed.

3

1985)(granting defendant's request to amend petition to allege citizenship rather than residence of plaintiff); <u>Nutter v. New Rents, Inc.</u>, 1991 WL 193490 at *2 (4th Cir. 1991)(unpublished opinion permitting a corporation that failed to state its principal place of business in the removal petition to amend notice of removal).

Although the undersigned recently accepted a plaintiff's contention that remand was appropriate when, *inter alia*, defendants failed to specify in the notice of removal plaintiff's citizenship, as opposed to residency, see <u>Johnson v. Nutrex Corp.</u>, RWT-06-160 (D. Md. Apr. 26, 2006), the facts in this case are readily distinguishable. In <u>Johnson</u>, the defendants candidly admitted that they were entirely unsure of and could not establish plaintiff's citizenship. In contrast, here there are no serious questions regarding Molnar-Szilasi's Maryland citizenship. Her complaint states that: (1) she resides in Montgomery Village in Montgomery County, Maryland; (2) her boyfriend purchased a garden tractor/riding lawnmower in Montgomery County, Maryland over ten years ago; and (3) she was injured while operating the garden tractor in Montgomery County, Maryland at the residence of her boyfriend almost four years ago. These allegations leave little doubt that the Plaintiff is a citizen of Montgomery County, Maryland. Furthermore, the <u>Johnson</u> defendants did not even attempt to amend their removal petition to more clearly articulate the grounds for diversity jurisdiction, whereas here Sears has filed a Motion to Amend its Notice of Removal to cure any technical defects of its initial notice.

For the above-stated reasons, by separate order Defendant's Motion to Amend the Notice of Removal will be GRANTED and Plaintiff's Motion to Remand will be DENIED.

        /s/
   ROGER W. TITUS
UNITED STATES DISTRICT JUDGE